1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  DANIEL TEKLEMARIAM HAGOS,

9                          Plaintiff,

10         v.

11  CITY OF SEATTLE,

12                          Defendant.

13

Case No. C22-1721-DGE-MLP

REPORT AND RECOMMENDATION

14         Plaintiff Daniel Teklemariam Hagos, proceeding *pro se* and *in forma pauperis*, is a

15  pretrial detainee who at the time of the filing of this action was confined at the King County

16  Regional Justice Center ("RJC") in Seattle, Washington, awaiting trial on unspecified charges.[1]

17  (Dkt. # 4-1.) Plaintiff has submitted a prisoner civil rights action seeking to proceed under *Bivens*

18  *v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) against the City of Seattle ("the

19  City"). (*See id.*)

20         Though Plaintiff's descriptions of his claims are not entirely clear, Plaintiff's complaint

21  appears to assert: (1) that the City violated Washington Superior Court Criminal Rule ("CrR")

22  3.3 and his Sixth Amendment rights to a speedy trial on November 15, 2022, when his case was

23

---

[1] Per his filing envelope on his most recent submission to the Court, Plaintiff is now back at the King County Correctional Facility.

REPORT AND RECOMMENDATION - 1

not called for trial; (2) that the City's prosecuting attorney violated his Fourteenth Amendment right to due process by failing to maintain a 911 phone call made by a Goodwill clothing store; and (3) that the City, in some unspecified manner, violated the "Due Process Clause" and his rights under CrR 5(a). (Dkt. # 4-1 at 4-8.) Plaintiff's claims all relate to a Seattle Municipal Court case that was pending against him at the time he filed his complaint. Plaintiff seeks monetary damages and asks that his criminal charges be dismissed with prejudice as relief. (*Id.* at 9.)

In this case, Plaintiff may not proceed in a *Bivens* action against the City. To sustain a cause of action under *Bivens*, a plaintiff must satisfy the requirements of an action pursuant to 42 U.S.C. § 1983, except for the substitution of a federal actor in place of a state actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Consequently, a *Bivens* claim must be brought against a federal officer in his or her individual capacity, including alleging facts explaining how that officer personally participated in the alleged constitutional deprivation. *See Morgan v. U.S.*, 323 F.3d 776, 780 n.3 (9th Cir. 2007) (citing *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996)). It is therefore clear that Plaintiff's alleged *Bivens* claims in his complaint are not cognizable against the City as it is not a federal actor.

To the extent Plaintiff's claims could be construed as ones brought pursuant to § 1983, the Court notes that it appears the pending criminal charges referenced by Plaintiff in his complaint have now resolved into a conviction.[2] In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence

---

[2] Per a review of the docket of Plaintiff's provided case number, Seattle Municipal Court Case No. 667772, Plaintiff was found guilty of theft on December 14, 2022. *See* https://web6.seattle.gov/courts/ECFPortal/Default.aspx (last accessed December 28, 2022).

REPORT AND RECOMMENDATION - 2

is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. As Plaintiff was only recently found guilty in December 2022, it is clear the particular conviction and/or sentence underlying Plaintiff's referenced criminal charges has not yet been reversed, expunged, invalidated, or impugned by previous grant of habeas corpus. Thus, because Plaintiff's claims have yet to accrue under *Heck*, they are also not cognizable pursuant to § 1983 in this action.

Plaintiff has not identified any viable claim for relief in his complaint that would allow him to proceed under either *Bivens* or § 1983. Accordingly, the Court recommends that Plaintiff's complaint (dkt. # 4-1), and this action, be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 20, 2023**.

The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable David G. Estudillo.

Dated this 28th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3